## UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

| | |
|---|---|
| Andrea Mason, | ) |
| | ) |
| Plaintiff, | ) Case No.: 2:23-cv-2128 |
| | ) |
| v. | ) |
| | ) |
| Experian Information Solutions, Inc., and | ) **COMPLAINT** |
| TransUnion LLC | ) |
| | ) **WITH JURY TRIAL DEMAND** |
| | ) |
| Defendants. | ) |

## COMPLAINT SEEKING DAMAGES FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

## INTRODUCTION

1. The United States Congress has found the banking system is dependent upon fair and accurate credit reporting.

2. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system.

3. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), to ensure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy.

4. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers.

5. Andrea Mason ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the

   actions of Defendants Experian Information Solutions, Inc. ("Experian") and TransUnion LLC ("TU") (jointly referred to as "Defendants") with regard to Defendants' impermissible furnishing of Plaintiff's credit reports.

6. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

7. Unless otherwise stated, all of the conduct engaged in by Defendants took place in Kansas.

8. Defendants committed each of these violations knowingly, willfully, and intentionally, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

9. Through this Complaint, Plaintiff does not allege that any state court judgment was entered against anyone in error, and Plaintiff does not seek to reverse or modify any judgment of any state court.

## JURISDICTION AND VENUE

9. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331.

10. This Court has federal question jurisdiction because this case arises out of Defendants' violations of federal law—the FCRA.

11. Venue is proper pursuant to 28 U.S.C. § 1391 as all the events and omissions giving rise to Plaintiff's claims occurred in Kansas.

12. Defendants are subject to the Court's personal jurisdiction, as Defendants each conduct business within Kansas, and Defendants' conduct giving rise to this action accrued in Kansas.

13. Plaintiff is informed and believes and thereon alleges that all acts of corporate employees as hereinafter alleged were authorized or ratified by an officer, director or managing agent of the corporate employer.

14. Plaintiff is informed and believes and on that basis alleges that at all times mentioned herein Experian was the principal, agent or employee and in acting as such principal or within the course and scope of such employment or agency, took some part in the acts and omissions hereinafter set forth by reason of which Experian is liable to Plaintiff or the relief prayed for herein.

15. Plaintiff is informed and believes and on that basis alleges that at all times mentioned herein TU was the principal, agent or employee and in acting as such principal or within the course and scope of such employment or agency, took some part in the acts and omissions hereinafter set forth by reason of which TU is liable to Plaintiff or the relief prayed for herein.

## PARTIES

16. Defendant Experian is an entity doing business in the State of Kansas.

17. Defendant Experian's registered agent address is: The Corporation Company, Inc., 112 SW 7th Street, Suite 3C, Topeka, KS 66603.

18. Defendant Experian regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties and use interstate commerce to prepare and/or furnish the reports.

19. Experian is a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

20. Unless otherwise indicated, the use of Experian's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Experian.

21. Defendant TU is an entity doing business in the State of Kansas.

22. Defendant TU registered agent address is: Prentice-Hall Corp System, Kansas Inc., 2900 SW Wanamaker Dr., Suite 204, Topeka, KS 66614.

23. Defendant TU regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties and use interstate commerce to prepare and/or furnish the reports.

24. TU is a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

25. Unless otherwise indicated, the use of TU's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Experian.

## FACTUAL ALLEGATIONS

26. On or about November 15, 2022, Plaintiff filed a lawsuit in the District of Kansas against Defendants alleging violations of the FCRA (the "FCRA Lawsuit").

27. In the FCRA lawsuit, Plaintiff alleged that Defendants reported and published inaccurate, incomplete, and/or materially misleading information involving a specific mortgage tradeline.

### *The First Motion to Dismiss*

28. Thereafter, on or about January 19, 2023, Defendants filed a joint motion to dismiss Plaintiff's Complaint (the "First Motion to Dismiss").

29. While the FCRA Lawsuit only involved the reporting of a single tradeline on Plaintiff's credit reports, Defendants inexplicably decided to attach Plaintiff's complete credit reports to the First Motion to Dismiss.

30. Specifically, Defendant Experian attached a complete copy of Plaintiff's Experian credit report, dated May 12, 2021, as Exhibit D (the "Experian Credit Report") to the First Motion to Dismiss.

31. As Exhibit F, Experian attached a Declaration of Authenticity from an employee identified

as a Senior Litigation Analyst at Experian (the "Experian Declaration").

32. In the Experian Declaration, the Senior Litigation Analysis identifies the Experian Credit Report to be "a true and correct copy of Plaintiff's May 12, 2021 Experian consumer report."

33. Additionally, Defendant TU attached a complete copy of Plaintiff's TU credit report, dated May 12, 2021, as Exhibit E-1 (the "TU Credit Report") to the First Motion to Dismiss.

34. As Exhibit E, TU attached a Declaration from an employee identified as a Specialist I at TU (the "TU Declaration").

35. In the TU Declaration, the Specialist I identifies the TU Credit Report to be "[a] true and correct copy of Plaintiff's Trans Union credit disclosure dated May 12, 2021."

36. Defendants filed Plaintiff's credit reports on a publicly accessible database, PACER.

37. PACER stands for "Public Access to Court Electronic Records". (Emphasis Added).

38. Experian did not file the Experian Credit Report under seal at the time the First Motion to Dismiss was filed.

39. On the Experian Credit Report, Experian only redacted limited information, such as Plaintiff's social security number, addresses, telephone numbers and account numbers).

40. Experian did not redact Plaintiff's financial data a list of individuals who viewed her credit reports (and on what dates), her names, her spouse, her employer, and her year of birth.

41. TU did not file the TU Credit Report under seal at the time the First Motion to Dismiss was filed.

42. On the TU Credit Report, TU only redacted limited information, such as Plaintiff's social security number, date of birth, addresses, telephone numbers, and account numbers.

43. TU did not redact Plaintiff's financial data a list of individuals who viewed her credit reports (and on what dates), her names, her employer, and third-party supplemental information.

44. Plaintiff did not authorize Defendants to publish her credit reports on PACER as attached to the First Motion to Dismiss.

45. Given the publication of Plaintiff's Experian Credit Report and TU Credit Report, as attached to the First Motion to Dismiss, on a public database, this means that all of Plaintiff's sensitive financial information was available for the world to see.

### *The Second Motion to Dismiss*

46. Thereafter, on or about February 9, 2023, Plaintiff filed a First Amended Complaint in the FCRA Lawsuit.

47. On or about February 23, 2023, Defendants filed a joint motion to dismiss Plaintiff's First Amended Complaint (the "Second Motion to Dismiss").

48. Again, while the FCRA Lawsuit only involved the reporting of a single tradeline on Plaintiff's credit reports, Defendants inexplicably decided to attach Plaintiff's complete credit reports to the Second Motion to Dismiss.

49. Specifically, Defendant Experian once again attached the Experian Credit Report to the Second Motion to Dismiss as Exhibit D.

50. As Exhibit F, Experian again attached the same Experian Declaration that was filed in the First Motion to Dismiss.

51. In the Experian Declaration, the Senior Litigation Analysis identifies the Experian Credit Report to be "a true and correct copy of Plaintiff's May 12, 2021 Experian consumer report."

52. Additionally, Defendant TU once again attached a complete copy of Plaintiff's TU Credit Report to the Second Motion to Dismiss as Exhibit E-1.

53. As Exhibit E, TU again attached the same TU Declaration that was filed in the Second Motion to Dismiss.

54. In the TU Declaration, the Specialist I identifies the TU Credit Report to be "[a] true and correct copy of Plaintiff's Trans Union credit disclosure dated May 12, 2021."

55. Defendants once again filed Plaintiff's credit reports on a publicly accessible database, PACER.

56. Experian did not file the Experian Credit Report under seal at the time the Second Motion to Dismiss was filed.

57. Again, on the Experian Credit Report, Experian only redacted limited information, such as Plaintiff's social security number, addresses, telephone numbers and account numbers).

58. Experian did not redact Plaintiff's financial data a list of individuals who viewed her credit reports (and on what dates), her names, her spouse, her employer, and her year of birth.

59. TU did not file the TU Credit Report under seal at the time the Second Motion to Dismiss was filed.

60. On the TU Credit Report, TU only redacted limited information, such as Plaintiff's social security number, date of birth, addresses, telephone numbers, and account numbers.

61. TU did not redact Plaintiff's financial data a list of individuals who viewed her credit reports (and on what dates), her names, her employer, and third-party supplemental information.

62. Plaintiff did not authorize Defendants to publish her credit reports on PACER as attached to the Second Motion to Dismiss.

63. Given the publication of Plaintiff's Experian Credit Report and TU Credit Report, as attached to the Second Motion to Dismiss, on a public database, this means that all of Plaintiff's sensitive financial information was available for the world to see.

### *Defendants' Violations of the FCRA*

64. The FCRA provides "any credit reporting agency may furnisher a consumer report under the following circumstances *and no other*." 15 U.S.C. § 1681b(a) (emphasis added).

65. The enumerated list that follows identifies the following permissible purposes in which a consumer reporting agency may furnish a consumer report, including: in response to a court order, when a credit reporting agency is given written instructions by the consumer to publish the report, to a credit grantor, to an insurance underwriter, and to child support agencies. *See* 15 U.S.C. § 1681b(a).

66. Experian did not have a permissible purpose, as identified in 15 U.S.C. § 1681b, to furnish Plaintiff's Experian Credit Report on PACER for the world to view.

67. TU did not have a permissible purpose, as identified in 15 U.S.C. § 1681b, to furnish Plaintiff's TU Credit Report on PACER for the world to view.

### *Plaintiff's Damages*

68. From January 19, 2023 through February 26, 2023, Defendants took no actions to remove, redact, or otherwise seal Plaintiff's Experian Credit Report and/or TU Credit Report from public access on PACER.

69. It was not until Plaintiff alerted Defendants to the fact that her complete credit reports were published by Defendants to the public at large—and demanded that Defendants at the very least place the documents under seal—did Defendants make any effort to block public access to the Experian Credit Report and TU Credit Report.

70. On or about February 27, 2023, Experian moved to seal the Experian Credit Report and restrict it from public access.

71. Thereafter, on or about February 28, 2023, TU moved to seal the TU Credit Report and restrict it from public access.

72. The Experian Credit Report and TU Credit Report were placed under seal on or about February 27, 2023 and March 1, 2023, respectively.

73. By its very name and nature, PACER is a publicly accessible database in which anyone can access documents filed with federal district courts.

74. For over a month, Plaintiff's Experian Credit Report and TU Credit Report were open for the world to review and download.

75. Upon information and belief, third parties accessed and/or downloaded Plaintiff's Experian Credit Report and TU Credit Report while the reports were publicly accessible.

76. Plaintiff complained in her FCRA Lawsuit that Experian and TU published inaccurate information about a specific mortgage tradeline to specific third parties.

77. In response to that Complaint (and Amended Complaint), Defendants decided to published ALL of Plaintiff's financial data for the entire world to see and access.

78. Defendants' unauthorized furnishing and publication of Plaintiff's consumer reports in response to a lawsuit is an egregious violation of 15 U.S.C. § 1681b.

79. The Experian Declaration and TU Declaration indicate that it was Experian and TU's direct intent to provide complete copies of Plaintiff's credit reports as attachments to Defendants' motions to dismiss.

80. Defendants acted willfully in violating 15 U.S.C. § 1681b.

81. Moreover, the fact that Defendants published Plaintiff's credit reports on two separate

occasions indicates that Defendants' actions were willful.

82. As Defendants committed willful violations of the FCRA, Plaintiff is eligible to receive statutory damages and punitive damages.

83. Reckless disregard of a requirement of the FCRA qualifies as a willful violation of the FCRA within the meaning of § 1681n(a). *See Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 71 (2007).

84. Even if Defendants could claim they did not willfully violate the FCRA, in this case, their conduct was at the very least done with reckless disregard of their obligations under 15 U.S.C. § 1681b.

85. Also as a result of Defendants' furnishing of Plaintiff's credit reports without a permissible purpose, Plaintiff has suffered actual damages, including, without limitation: emotional distress, frustration, anger, and embarrassment.

86. Moreover, Defendants committed a severe form of an invasion of Plaintiff's privacy.

87. Again, Defendants published all of Plaintiff's financial data, and other identifying information, for the world to see and download.

88. This was a highly offensive public disclosure of private facts.

89. Plaintiff will likely continue to suffer damages now that Plaintiff's financial data is out there for the world, as Plaintiff is at an enhanced risk of identity theft.

90. Defendants failed to safeguard Plaintiff's financial data—an obligation bestowed upon them by the FCRA—and instead freely gave it out for the public to view.

## First Cause of Action
## FCRA

91. Plaintiff repeats, re-alleges, and incorporates by reference all above paragraphs as if fully set forth herein.

92. The foregoing acts and omissions constitute numerous and multiple violations of the FCRA, including, but not limited to 15 U.S.C. § 1681b.

93. As a result of each negligent violation of the FCRA, Plaintiff is entitled to actual damages from Defendants, pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2).

94. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages or damages of not less than $100.00 and not more than $1,000.00, pursuant to 15 U.S.C. §1681n(a)(1)(A); punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and costs together with reasonable attorney's fees pursuant to 15 U.S.C. §1681n(a)(3) from Defendants.

95. Defendants' conduct was a direct and proximate cause, as well as a substantial factor, in bringing about the actual damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendants are liable to Plaintiff for the full amount of statutory, actual, and punitive damages, along with attorney's fees and costs of litigation.

## Request for Jury Trial

96. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

## Prayer For Relief

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendants:

1. A declaratory judgment that Defendants' actions as discussed herein are unlawful;
2. Plaintiff's actual damages from each Defendant;
3. Statutory damages of not less than $100 and not more than $1,000.00 to Plaintiff,

    pursuant to 15 U.S.C. § 1681n(a)(1), against each Defendant;

4. Punitive damages, pursuant to 15 U.S.C. § 1681n(a)(2), from each Defendant;

5. An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. §§ 1681n(a)(3) and/or 1681o(a)(2), against each Defendant; and

6. Any other relief the Court may deem just and proper.

Dated: March 23, 2023

Respectfully submitted,

/s/ James R. Crump
James R. Crump #78704
Ryan M. Callahan #25363
**Callahan Law Firm, LLC**
222 W. Gregory Blvd., Suite 210
Kansas City, MO 64114-1138
Ph: 816-822-4041
ryan@callahanlawkc.com
james@callahanlawkc.com
*Attorneys for Plaintiff*